**SO ORDERED.**

**SIGNED this 20th day of January, 2026.**

_____
BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

---

```
              UNITED STATES BANKRUPTCY COURT
             MIDDLE DISTRICT OF NORTH CAROLINA
                    GREENSBORO DIVISION
```

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Sharon Annette Reid, | ) | Chapter 7 |
| | ) | Case No. 25-10566 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| Sharon Annette Reid, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 25-02021 |
| | ) | |
| Janeth Rodriguez, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ADVERSARY PROCEEDING AND FOR ABSTENTION UNDER 28 U.S.C. § 1334**

This adversary proceeding is before the Court on the Motion to Dismiss Adversary Proceeding and/or for Abstention Pursuant to 28 U.S.C. § 1334 filed by Janeth Rodriguez ("Defendant") on December 8, 2025. ECF No. 4. For the reasons stated herein, the

Court will grant Defendant's motion and dismiss this adversary proceeding without prejudice.[1]

**BACKGROUND**

Sharon Annette Reid ("Plaintiff") filed a voluntary petition under chapter 7 of title 11 on September 2, 2025. Case No. 25-10566, ECF No. 1.  On October 3, 2025, Plaintiff filed her Statement of Financial Affairs in which she listed a pending "Eviction Counterclaim Appeal" as a lawsuit she was a party to within 1 year before filing. Case No. 25-10566, ECF No. 18, at 11.  On December 8, 2025, Plaintiff filed an amended exempt property claim in which she claimed as exempt $475,000.00 in compensation for personal injury. Case No. 25-10655, ECF No. 59, at 17.

Plaintiff commenced this adversary proceeding on October 3, 2025. ECF No. 1.  Plaintiff is proceeding pro se.[2]  According to the complaint, Defendant has been Plaintiff's landlord since February 27, 2025.  Id. at 3.  Plaintiff seeks damages against Defendant for breach of the implied warranty of habitability and fraudulent or deceptive trade practices.  Id. at 6.

---

[1] Bankruptcy courts have the discretion to decide an issue without holding an evidentiary hearing where the record is sufficient to permit the court to make a decision. In re Graft, 489 B.R. 65, 72 (Bankr. S.D. Ohio 2013) (noting that bankruptcy courts have broad discretion in determining whether a hearing is necessary, and that "'a hearing—much less an evidentiary hearing—is not required in every instance'") (quoting In re I Don't Tr., 143 F.3d 1, 3 (1st Cir. 1998)).

[2] The Court must construe filings by pro se litigants liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

On December 8, 2025, Defendant filed the present motion. ECF No. 4. Defendant contends that abstention from hearing this proceeding is mandatory under 28 U.S.C. § 1334(c)(2). Id. at 2. Alternatively, if this Court finds that abstention is not mandatory, Defendant contends that the Court should permissively abstain from hearing this proceeding under 28 U.S.C. § 1334(c)(1). Id. Plaintiff has not responded to Defendant's motion and the time for doing so has expired. See Local Rule 7007-1(b).

On December 8, 2025, Defendant also filed a motion for relief from stay to continue with a summary ejectment action in the North Carolina General Court of Justice, District Court Division, Alamance County, Case No. 25CV003885-000. Case No. 25-10566, ECF No. 61. In addition to asserting the claims in this adversary proceeding as counterclaims in the summary ejectment action, Plaintiff raised many of the claims asserted in this adversary proceeding as defenses to the motion for relief from stay. See ECF No. 65. The Court granted the motion, modifying the stay to permit all claims, including Plaintiff's counterclaims, to be litigated in the state court, with the enforcement of any monetary relief awarded against Plaintiff remaining subject to the automatic stay. Case No. 25-10566, ECF No. 75.[3]

---

[3] After granting relief from stay, the Court entered its order discharging Plaintiff from any monetary obligations under the prepetition lease. Case No. 25-10566, ECF No. 77. As a result of the discharge injunction, Defendant no

3

**DISCUSSION**

I. **Abstention from hearing this proceeding is mandatory under 28 U.S.C. § 1334(c)(2).**

Section 1334 of title 28 of the United States Code provides when a bankruptcy court must abstain and when it may abstain in favor of state court adjudication. In re Province Grande Olde Liberty, LLC, No. 13-01563-8-JRL, 2013 WL 2153214, at *2 (Bankr. E.D.N.C. May 17, 2013). Abstention is mandatory under § 1334(c)(2) when the party seeking abstention proves the following six factors:

> (1) a timely motion to abstain is filed, (2) the removed proceeding is based on a state law claim or state law cause of action, (3) the removed proceeding is "related to" a bankruptcy case, but does not "arise under" Title 11 or "arise in" a case under Title 11, (4) the action could not have been commenced in a United States court absent jurisdiction under 28 U.S.C. § 1334, (5) the action was pending when the bankruptcy was filed, and (6) the action can be timely adjudicated in the state forum of appropriate jurisdiction.

Id. at *2-3 (quoting In re Newell, 424 B.R. 730, 734 (Bankr. E.D.N.C. 2010)). Regarding the first factor, "[c]ourts have generally adopted a flexible, case-specific approach in determining whether a motion for mandatory abstention is 'timely.'" 3rd Time Trucking, LLC v. Massachusetts Mut. Life Ins. Co., No. 3:11-CV-68-JPB, 2011 WL 4478491, at *3 (N.D.W. Va. Sept. 26, 2011) (quotations omitted). As to the third factor, this Court has previously explained that:

---

longer may seek to collect or recover monetary damages in the state court as a personal obligation against Plaintiff. 11 U.S.C. § 524(a)(2).

4

> Cases "arise under" Title 11 when the cause of action or substantive right claimed is created by the Bankruptcy Code . . . . Cases "arise in" a title 11 proceeding if they are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy . . . . A civil proceeding is "related to" a Title 11 case if the action's outcome might have any conceivable effect on the bankrupt estate.

In re Se. Materials, Inc., 467 B.R. 337, 346 nn.4-5 (Bankr. M.D.N.C. 2012) (quotations omitted).[4]

The final factor, whether a matter can be timely adjudicated in state court, is measured by the needs of the bankruptcy case. In re 3G Props., LLC, No. 10-04763-8-JRL, 2010 WL 4027770, at *3 (Bankr. E.D.N.C. Oct. 14, 2010) (citing In re Pluma, Inc., No. 99-11104C-11G, 2000 WL 33673752, at *2 (Bankr. M.D.N.C. Sept. 15, 2000)). "In general, courts focus on whether allowing the state court to hear the matter will have any unfavorable effect on the administration of the bankruptcy case." Id. at *3 (citations omitted).[5]

---

[4] The Fourth Circuit applies the Pacor test to determine whether a proceeding is "related to" a bankruptcy case. See A.H. Robins Co. v. Piccinin, 788 F.2d 994, 1002 n.11 (4th Cir. 1986). Under the Pacor test, "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984).

[5] There are seven factors considered in determining whether a matter can be timely adjudicated in state court:

> (1) the backlog of the state court and federal court calendars; (2) status of the proceeding in state court prior to being removed; (3) status of the proceeding in the bankruptcy court; (4) the complexity of the issues to be resolved; (5) whether the parties consent to the bankruptcy court entering judgment in the non-core case; (6)

5

Each of the six factors for mandatory abstention is present with respect to the claims asserted by Plaintiff in this no asset chapter 7 case in which the claims have been claimed as exempt and the trustee has filed a report of no distribution. First, Defendant was not served with the summons and complaint until December 9, 2025. See ECF No. 8. Defendant filed this Motion on December 8, 2025. ECF No. 4. The motion was timely. Second, the adversary proceeding is based on a claim of breach of the implied warranty of habitability and fraudulent or deceptive trade practices, both state law claims. See ECF No. 1, at 6. Third, this adversary proceeding is at most "related to" a bankruptcy case but does not "arise under" title 11 or "arise in" a case under title 11. The claims asserted in this adversary proceeding arise under state law, not title 11 and thus, would exist outside of bankruptcy. These claims are related to the bankruptcy estate only to the extent that any recovery would be property of the estate to be administered by the trustee, who has not sought to intervene in this adversary proceeding and has filed a report of no distribution. See ECF No. 73.[6] As to the fourth and fifth

---

whether a jury demand has been made; and (7) whether the underlying bankruptcy case is a reorganization or a liquidation case.

In re 3G Props., 2010 WL 4027770, at *3 (citing In re Pluma, 2000 WL 33673752, at *3); In re Georgou, 157 B.R. 847, 851 (N.D. Ill. 1993)).

[6] See 11 U.S.C. § 541(a)(1) (stating that the bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case"); Ahmed v. Porter, No. 1:09CV101-RJC-DHL, 2010 WL

6

factors, there are no independent grounds for federal jurisdiction over these claims and a state court action based on these claims was pending when Plaintiff's bankruptcy case was filed. <u>See</u> Case No. 25-10566, ECF No. 18, at 11.

Finally, these claims can be timely adjudicated in state court. Plaintiff's claims are on appeal in the state court action, <u>id.</u>, whereas an answer has not yet been filed in the adversary proceeding. Thus, the state court case has progressed substantially further than this adversary proceeding. Additionally, Plaintiff has claimed an exemption in the proceeds of any judgment on these claims, <u>see</u> Case No. 25-10566, ECF No. 59, at 17, and the deadline to object to those exemptions under Fed. R. Bankr. P. 4003 is February 4, 2026. The meeting of creditors under § 341 concluded on January 5, 2026, and the chapter 7 trustee has filed a report of no distribution. To the extent that Plaintiff's claimed exemptions become final, this adversary proceeding could not have any effect on the administration of the bankruptcy estate because any judgment obtained would not be

---

584045, at *2 (W.D.N.C. Feb. 16, 2010) (stating that a cause of action is property of the bankruptcy estate where it "existed at the commencement of the filing of the bankruptcy action and the debtor could have asserted the claim of his own behalf under state law") (citing <u>Butner v. United States</u>, 440 U.S. 48, 54 (1979)).

property of the bankruptcy estate.[7]  Therefore, abstention is mandatory under § 1334(c)(2).

## II. Even if abstention were not mandatory, the Court would permissively abstain under 28 U.S.C. § 1334(c)(1).

Under 28 U.S.C. § 1334(c)(1), "a federal court may voluntarily abstain from hearing core and non-core proceedings 'if the interests of justice' require or 'in the interest of comity with State Court or respect for State law.'" Puls v. Suntrust Mortg., Inc., No. 5:08-CV-369-F, 2010 U.S. Dist. LEXIS 150888, at *16 (E.D.N.C. Aug. 20, 2010).  Courts consider twelve factors when determining whether to permissively abstain:

> (1) efficiency in the administration of the debtor's estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) whether the issues involve difficult or unsettled issues of state law; (4) the presence of a related proceeding commenced in state court; (5) the existence of a jurisdictional basis other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state courts; (9) the burden of the bankruptcy court's docket; (10) the likelihood that the commencement of the proceedings in bankruptcy court involved forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12)

---

[7] If Plaintiff's claimed exemptions had become final prior to the commencement of this adversary proceeding, the Court likely would lack subject matter jurisdiction. See 28 U.S.C. § 1334; Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 480 (4th Cir. 2005) ("[a] federal court has an independent obligation to assess its subject-matter jurisdiction, and it will raise a lack of subject-matter jurisdiction on its own motion") (quotations omitted).  Moreover, Plaintiff seeks removal of eviction from her record. ECF No. 1, at 1.  The Court lacks subject matter jurisdiction over this claim.

8

> whether non-debtor parties are involved in the proceeding.

In re Dambowsky, 526 B.R. 590, 606 (Bankr. M.D.N.C. 2015) (quoting In re Freeway Foods of Greensboro, Inc., 449 B.R. 860, 879-80 (Bankr. M.D.N.C. 2011)).

These factors weigh in favor of permissive abstention.  The adversary proceeding is based solely on state law and would be better addressed by the state court.  In fact, the Court already has modified the automatic stay to permit those claims to be litigated.  This Court's subject matter jurisdiction over Plaintiff's claims is tenuous, and adjudication of the claims will not have an effect on the administration of the bankruptcy estate.  See supra n.7.  Resolving this dispute in state court also is a more economical use of judicial resources as the state court action has progressed substantially further than the adversary proceeding and the Court has lifted the stay to permit it to be concluded.  There would be prejudice to Defendant if required to relitigate these claims anew after already litigating them in state court.  The Court has not been given any reason to suggest that the state court is an inadequate forum or that there is any benefit in proceeding with these claims in bankruptcy court.  There is also a risk of promoting forum shopping if Plaintiff is permitted to seek a more favorable outcome in this Court instead of awaiting the outcome of her appeal of an unfavorable decision in the state

9

court. Therefore, the Court finds that the interests of justice and comity require permissive abstention from hearing this adversary proceeding.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant's motion is granted and this adversary proceeding is dismissed without prejudice.

[END OF DOCUMENT]

<u>Parties to be Served</u>
25-02021

John Paul Hughes Cournoyer
U.S. Bankruptcy Administrator                          Via CM/ECF

Adam M. Gottsegen
Counsel for Defendant                                  Via CM/ECF

Sharon Annette Reid
1183 University Dr #105-205
Burlington, NC 27217

Sharon Annette Reid
A-1
1212 Collins Drive
Burlington, NC 27215

Janeth Rodriguez
c/o Attorney Ralph Hill
3120 S. Church St
Burlington, NC 27215